IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASTON VAN ELDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2909-BN |
| | § | |
| AMALGAMATED TRANSIT UNION | § | |
| LOCAL #1338, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Amalgamated Transit Union Local #1338 and Kenneth Day have filed a Motion for Judgment on the Pleadings (the "Motion") [Dkt. No. 20] under Federal Rule of Civil Procedure 12(c). Plaintiff Haston Van Elder filed a Response, in which he moves to amend his complaint [Dkt. No. 23], and Defendants filed a Reply [Dkt. No. 24]. The Court GRANTS Defendants' Motion for Judgment on the Pleadings, without prejudice to Plaintiff's filing a motion for leave to sue pursuant to 29 U.S.C. § 501(b).

## Background

Plaintiff initially filed a petition in state court on February 24, 2012 [Dkt. No. 1 at 1], which he amended twice. Plaintiff filed his Second Amended Petition on July 9, 2013, alleging a breach of fiduciary duty under 29 U.S.C. § 501 and state law claims for breaches of fiduciary duty. *See* Dkt. No. 1-1.

Defendants removed the case to federal court on July 25, 2013, pursuant to 28 U.S.C. § 1441. The parties consented to trial before a United States Magistrate Judge, and the case was transferred to the undersigned on August 20, 2013. *See* Dkt. No. 8.

On August 22, 2013, the Court entered an Initial Scheduling Order [Dkt. No. 9], which set certain deadlines, including a November 15, 2013 deadline for the amendment of pleadings. The Initial Scheduling Order stated that "[n]o amendment will be allowed after this deadline except upon a showing of good cause." *See* Dkt. No. 9 at 4.

On November 14, 2013, Defendants filed an Unopposed Motion to Extend Time Amendment Deadline. *See* Dkt. No. 14. The Court granted Defendants' motion and extended the amendment deadline to provide that motions for leave to amend pleadings may be filed by November 29, 2013. *See* Dkt. No. 15.

Defendants timely filed a Second Amended Answer [Dkt. No. 18]. In their Second Amended Answer, Defendants plead as an affirmative defense that "Plaintiff failed to present his claims against Defendant Day to the union for consideration and, if necessary, for responsive action before filing his claim under the LMDRA. He also failed to seek leave of court before filing under the LMDRA. Consequently, multiple conditions precedent do not exist, and therefore the Court lacks jurisdiction over Plaintiff's claims. *See* 29 U.S.C. § 501(b)." Dkt. No. 18 at 4.

Defendants filed their Motion for Judgment on the Pleadings on February 13, 2014, asserting that the Second Amended Petition should be dismissed because it fails

to satisfy multiple conditions precedent required by 29 U.S.C. § 501(b). Defendants also seek dismissal of Plaintiff's state common law breach of fiduciary duty claims.

## Legal Standards

A motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.' " *Id.* (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiff brought this suit under 29 U.S.C. § 501, which permits, after certain conditions precedent are met, an individual union member to sue union officers for breaches of certain duties on behalf of the union. *See* 29 U.S.C. § 501(a) & (b); *Hoffman v. Kramer*, 362 F.3d 308, 313-14 (5th Cir. 2004). "Section 501(a) imposes fiduciary

duties on union officials not to engage in self-dealing, spend union funds for personal benefit, or act adversely to union interests. These officials must also account to union membership for any gains they receive in connection with their union office." *Hoffman*, 362 F.3d at 313-14. Section 501(b) permits union members to sue union officers "only if the union refuses to take action in response to allegations of official corruption. Additionally, a person seeking to sue the officials must first obtain leave of the court to sue by showing 'good cause' for the suit." *Id.* at 314.

A plaintiff must demonstrate good cause in a verified application to the Court. *See* 29 U.S.C. § 501(b). In *Hoffman*, the United States Court of Appeals for the Fifth Circuit addressed the "good cause" requirement of Section 501(b) for the first time and set forth a road map for the district court to follow in determining whether a plaintiff has shown good cause:

> First, the court must determine that the alleged misconduct directly relates to the duties enumerated in § 501(a). Second, because of the derivative nature of an applicant's suit, the court must satisfy itself that the applicant seeks remedies that would realistically benefit the union as the collective bargaining representative of its members and/or the membership of the union. Third, the application must allege facts that will support a conclusion that the alleged breaches of § 501 were presented to the union. Fourth, the applicant must make a showing that the union's refusal to act on the breaches presented to it was objectively unreasonable in the ways we have earlier discussed. Finally, after the court is satisfied that these conditions are met, the plaintiff must convince the court by the allegations of the verified application, or affidavit or otherwise, that some evidence exists, disputed or not, that will support the claims of a breach of fiduciary duty under § 501(a).

362 F.3d at 319.

The first step requires the Court to determine that the alleged misconduct directly relates to the duties enumerated in Section 501(a). "Section 501(a) imposes three basic fiduciary duties on union officials: (1) to hold the union's money and property solely for the benefit of the union and its members and to manage, invest, and expend the same in accordance with the union constitution and bylaws; (2) to refrain from dealing with the union as an adverse party and from holding or acquiring any pecuniary or personal interests which conflict with the interests of the union; and (3) to account to the union for any profit received by the official in connection with transactions conducted by him on behalf of the union." *Id.* at 316 n.3. The Fifth Circuit determine that the language of § 501(a) indicates that "the fiduciary obligations imposed are primarily pecuniary in nature." *Id.*

The *Hoffman* decision does not provide further guidance on the second and third steps, nor is the Court aware of Fifth Circuit authority addressing step two in depth. But the Fifth Circuit has previously addressed the step three requirement. *See Adams-Lundy v. The Assoc. Of Prof. Flight Attendants*, 844 F.2d 245, 248-250 (5th Cir. 1988). In *Adams-Lundy*, the Fifth Circuit decided that Section 501(b) "requires a plaintiff to request the union to institute legal proceedings." *Id.* at 248. The Fifth Circuit noted that Section 501(b) "must be strictly construed because it extends the jurisdiction of federal courts." *Id.* at 249. But the Fifth Circuit also noted that, "in determining whether a request for legal action was made, we must keep in mind that the Act is designed to protect union members and that an interpretation of § 501(b) requires a

balancing of policies." *Id.* at 249-50 (internal quotation marks omitted). In *Adams-Lundy*, the Fifth Circuit determined that, although the complaint did not explicitly allege that plaintiffs requested the union to take legal action, the complaint "impl[ied] some form of request was made," which was sufficient to satisfy Section 501(b)'s demand requirement. *Id.*

For the fourth step of the analysis – that plaintiff make a showing that the union's failure to act was unreasonable – *Hoffman* requires that the Court give "some deference" to an objectively reasonable decision by union leadership not to pursue a claim. The *Hoffman* court noted that such deference is only appropriate "when the democratic accountability of a union is not seriously at issue."  362 F.3d at 317. The Fifth Circuit compared suits under Section 501 to shareholder derivative suits, in which courts follow the business judgment rule, dictating that the courts "refrain from second guessing business decisions made by corporate directors in the absence of a showing of fraud, unfairness or overreaching." *Id.* at 317 n.4 (internal quotation marks and citations omitted). Accordingly, the Fifth Circuit concluded that "only upon a sufficient showing that the union's refusal to act on the members' complaint was unreasonable in the light of the purposes of § 501 should leave to sue be granted." *Id.* at 318.

Finally, if the Court has satisfied itself that the first four conditions have been met, the Court must then "proceed to assess, to some degree, the substantiality of the claims alleged." *Id.* at 318. The application must state "such specific facts that the

court is convinced there is a factual basis to surmise that the claims have the potential to raise a genuine issue of material fact." *Id.* The *Hoffman* court noted that "[i]t is always within the discretion of the district court to decide whether its determination in this respect is most appropriately achieved through a review of the complaint only, or affidavits, or an ex parte conference . . . , or a hearing, or some combination of these methods." *Id.* at 318 n.6. While the standard for determining whether an applicant may file suit goes beyond the analysis of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "good cause" review does not require the type of showing that would be necessary to prevail at the summary judgment stage. *See id.* at 318 n.7.

## Analysis

Section 501

Plaintiff's operative pleading is the Second Amended Petition, filed in state district court on or about July 9, 2013. *See* Dkt. No. 1-1. The Second Amended Petition is not verified and is not part of an application for leave to sue, as required by Section 501(b). And the Second Amended Petition fails to satisfy the Court that it meets any of the five steps required by *Hoffman*.

As an initial matter, Section 501(b)'s requirement that a plaintiff seek "leave of the court obtained upon verified application and for good cause shown" is mandatory. *See, e. g.*, *Purcell v. Keane*, 406 F.2d 1195, 1198 (3d Cir.1969); *Coleman v. Bhd. of Ry. and S.S. Clerks*, 340 F.2d 206, 208-209 (2d Cir. 1965); *Addison v. Grand Lodge of Int'l Assoc. of Machinists*, 318 F.2d 504, 508 (9th Cir. 1963); *Austin v. Trandell*, 207 F.Supp.

2d 616, 620 (E.D. Mich. 2002); *Fabian v. Freight Drivers & Helpers Local No. 557*, 448 F.Supp. 835, 839-840 (D. Md. 1978). The requirement that a plaintiff move for leave of the court to sue is a jurisdictional prerequisite to suit. *See Trandell*, 207 F.Supp. 2d at 622. The Second Amended Petition must be dismissed on this ground alone. But Plaintiff may file an appropriate motion for leave, together with a verified pleading. If Plaintiff fails to comply, Plaintiff's Section 501 claim will be dismissed with prejudice.

Although a complaint is not properly before the Court at this time, because Plaintiff is allowed to move for leave to sue, the Court will continue its analysis so that Plaintiff may determine whether a motion for leave is warranted. First, the Second Amended Petition does not state that the alleged misconduct directly relates to the duties enumerated in Section 501(a). As discussed above, the Fifth Circuit construes the fiduciary obligations imposed by Section 501(a) as "having to do with the custody, control, and use of a union's money and its financial interests or property and the conduct of union officials in relation thereto." *Hoffman*, 362 F.3d at 316 n.3. The Second Amended Petition alleges that Plaintiff "requested, and was denied, access to counsel by Defendant." Dkt. No. 1-1, ¶ 3. That alleged conduct falls outside the duties imposed by Section 501(a). Plaintiff's only allegation that is "pecuniary in nature," *see Hoffman*, 362 F.3d at 316 n.3, is that "[u]pon information and belief, Defendant Day was paid for representing Plaintiff," Dkt. No. 1-1, ¶ 12. But the complaint does not allege that there was anything improper about Defendant Day's receiving payment for

representing Plaintiff. Therefore, the Second Amended Petition fails to state a claim under Section 501(a).

Second, the Second Amended Petition does not seek remedies that would realistically benefit the union as the collective bargaining representative of its members and/or the membership of the union. Rather, the Second Amended Petition seeks merely economic damages, which would only benefit Plaintiff and not the union or its membership as a whole. *See* Dkt. No. 1-1, ¶ 13 & Prayer.

Third, the Second Amended Petition fails to state facts demonstrating that the alleged breaches of Section 501 were presented to the union. The Second Amended Petition merely states that Plaintiff "requested, and was denied, access to counsel by Defendant Day." Dkt. No. 1-1, ¶ 3. Plaintiff's allegation is insufficient under Fifth Circuit precedent, which requires a plaintiff to "request the union to institute legal proceedings." *Adams-Lundy*, 844 F.2d at 248. Plaintiff should be mindful, when determining whether to move for leave to sue, that any Section 501 claim cannot relate back to the Second Amended Petition, for statute of limitations purposes, because the Court does not have jurisdiction over the Section 501 claim as stated in the Second Amended Petition. *See Austin*, 207 F.Supp. 2d at 623-27.

Fourth, the Second Amended Petition does not make a showing that the union's refusal to act was unreasonable.

Finally, Plaintiff has not demonstrated that some evidence exists, disputed or not, that will support the claims of a breach of fiduciary duty under Section 501(a).

Common Law Breach of Fiduciary Duty Claims

In addition to the Section 501 claim, Plaintiff pleads state common law claims for breach of fiduciary duty and breach of informal fiduciary duty. Defendants argue that the Court should exercise supplemental jurisdiction and dismiss Plaintiff's state claims with prejudice.

But, because the Court has determined that it does not currently have jurisdiction over Plaintiff's Section 501 claim – the only claim in the Second Amended Petition for which a district court could have original jurisdiction – the Court may not exercise supplemental jurisdiction over Plaintiff's state law claims at this time. *See* 28 U.S.C. § 1367(a). Because the Court is permitting Plaintiff to move for leave to sue, the Court will hold Plaintiff's state law claims in abeyance pending a decision on any motion for leave filed by Plaintiff.

**Conclusion**

Plaintiff's Second Amended Petition [Dkt. No. 1-1] is dismissed. Plaintiff may file a motion for leave to sue pursuant to 29 U.S.C. § 501(b), together with a verified pleading, by **June 4, 2014**. If Plaintiff fails to timely file a motion for leave to sue, Plaintiff's Section 501 claim will be dismissed with prejudice, and, under 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over his remaining claims, which will remanded to state court or dismissed without prejudice, as appropriate.

SO ORDERED.

DATED: May 7, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE