IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASTON VAN ELDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2909-BN |
| | § | |
| AMALGAMATED TRANSIT UNION | § | |
| LOCAL #1338, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING 29 U.S.C. § 501
CLAIM AND REMANDING STATE LAW CLAIMS**

Defendants Amalgamated Transit Union Local #1338 and Kenneth Day filed a Motion for Judgment on the Pleadings [Dkt. No. 20] under Federal Rule of Civil Procedure 12(c). In a May 7, 2014 Memorandum Order and Opinion [Dkt. No. 25], the Court granted Defendants' Motion for Judgment on the Pleadings without prejudice to Plaintiff's filing a motion for leave to sue pursuant to 29 U.S.C. § 501(b) and ordered that Plaintiff may file a motion for leave to sue pursuant to 29 U.S.C. § 501(b), together with a verified pleading, by June 4, 2014. The Court further ordered that, if Plaintiff fails to timely file a motion for leave to sue, Plaintiff's breach of fiduciary duty under 29 U.S.C. § 501 will be dismissed with prejudice, and, under 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for breaches of fiduciary duty, which will be remanded to state court or dismissed without prejudice, as appropriate. *See* Dkt. No. 25 at 10.

On June 4, 2014, the Court granted Plaintiff's Unopposed Motion to Extend Time To File Amended Petition [Dkt. No. 26] and extended Plaintiff's deadline to file a motion for leave to sue pursuant to 29 U.S.C. § 501(b), together with a verified pleading, to June 18, 2014. *See* Dkt. No. 27.

That extended deadline passed a week ago, and Plaintiff has not filed the required motion. Accordingly, for the reasons explained in the Court's May 7, 2014 Memorandum Order and Opinion [Dkt. No. 25], Plaintiff's breach of fiduciary duty under 29 U.S.C. § 501 is DISMISSED with prejudice.

Further, under 28 U.S.C. § 1367(a), because the Court does not have jurisdiction over the only claim for which this Court could have original jurisdiction (Plaintiff's Section 501 claim), the Court has no basis on which to exercise supplemental jurisdiction over the remaining state law claims for breaches of fiduciary duty. *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351-52 (5th Cir. 2014). But, even if the Court's dismissal of breach of fiduciary duty under 29 U.S.C. § 501 were not based on a lack of jurisdiction, the Court finds that the statutory factors of 28 U.S.C. § 1367(c) and common law factors weigh in favor of declining to exercise supplemental jurisdiction over the state law claims. *See id.* Therefore, the Court REMANDS those claims to the 134th Judicial District Court, Dallas County, Texas, from which this case was removed.

Again, if it were not the case that the Court does not have jurisdiction over Plaintiff's Section 501 claim – the only claim in the Second Amended Petition for which a district court could have original jurisdiction – and so may not exercise supplemental

jurisdiction over Plaintiff's state law claims, declining under Section 1367(c) to exercise jurisdiction over those claims and remanding them to state court accords with "[t]he general rule ... that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). And, although "this rule is neither mandatory nor absolute," the Court finds declining to exercise supplemental jurisdiction appropriate here based on the balance of considerations under the Section 1367(c) statutory factors and "the common law factors of judicial economy, convenience, fairness, and comity." *Id.*

The Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(2). And this is not a case in which the Court has invested "a significant amount of judicial resources in the litigation," such that considerations of judicial economy and convenience weigh in favor of exercising supplemental jurisdiction over the state law claims. *See id.* This case has been pending in this Court for less than a year, during which time this Court has only decided one opposed motion – the Rule 12(c) motion [Dkt. No. 20].

With no claim over which the Court has original jurisdiction remaining, the state law claims will necessarily dominate the litigation going forward. *See id.* § 1367(c)(3). And this Court has not yet substantively addressed the state law claims. But the state court has already issued at least one ruling on the state law claims. And the exact bases for the state court's decision are not fully apparent on the record before this Court and are subject to dispute between the parties, *see* Dkt. No. 20 at 11-12, but

the state court should have greater familiarity with its own prior ruling on these claims. Remanding the state law claims to be litigated in the state court is, on balance, the better course as far as comity and judicial economy is concerned. *See Enochs v. Lampasas County*, 641 F.3d 155, 158-63 (5th Cir. 2011).

And, while the state law claims may not raise a particularly novel or complex issue of Texas law, *see* 28 U.S.C. § 1367(c)(1), neither do they – at least based on the parties' relatively limited briefing on the claims in the context of the Rule 12(c) motion – raise the simplest or most routine issues of Texas law.

Defendant urges the Court not to remand and to instead exercise supplemental jurisdiction over and dismiss with prejudice the state law claims to avoid a waste of time and party and judicial resources. But the Court finds that declining to exercise supplemental jurisdiction over and remanding Plaintiff's remaining state law claims is, on balance, the best course based on the 28 U.S.C. § 1367(c) statutory factors and the common law factors. And the Court finds that doing so would not be unfair to Defendants, who removed this case based on the 29 U.S.C. § 501 claim over which the Court has determined that it lacks jurisdiction.

SO ORDERED.

DATED: June 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE